IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. BROWN, | 1:10-cv-00124-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO MODIFY DEADLINES |
| vs. | (Docs. 36, 37.) |
| KEN CLARK, et al., | ORDER EXTENDING DISCOVERY DEADLINE FOR LIMITED PURPOSE |
| Defendants. | ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES |
| _____/ | **NEW DEADLINES:** |
| | Discovery Cut-Off Date:         03/15/2013 |
| | Dispositive Motions Deadline:   04/15/2013 |

I.   **BACKGROUND**

Gregory L. Brown ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed on January 14, 2010, against defendants Lantia and Lopez for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.) On February 16, 2012, the Court entered a Discovery/Scheduling Order establishing pretrial deadlines, including a deadline of October 16, 2012 for the parties to complete discovery, and a deadline of December 27, 2012 for the parties to file dispositive motions. (Doc. 18.)

1

On October 10, 2012, Defendants filed a motion to modify the discovery schedule for the limited purpose of taking Plaintiff's deposition, and for leave to take Plaintiff's deposition by remote means. (Doc. 36.) On December 26, 2012, Defendants filed a motion to extend time to file a dispositive motion. (Doc. 37.) Plaintiff has not opposed the motions, which are now before the Court.

## II.     MOTION TO MODIFY DISCOVERY SCHEDULE

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request the Court to modify the discovery schedule for this action to allow them to take Plaintiff's deposition within sixty days of the date the Court denies their intended motion for summary judgment, if applicable, or in the alternative, to extend the discovery deadline for thirty days for the limited purpose of taking Plaintiff's deposition. Defendants assert that they do not need to take Plaintiff's deposition before preparing the intended motion for summary judgment, but if the summary judgment motion is denied, they will need to take Plaintiff's deposition before trial. Defendants argue that granting their motion will serve judicial economy, because they will not be required to incur the cost and time to take Plaintiff's deposition if it is not needed. Defense counsel argues that her litigation schedule is extremely busy and she is unable to submit the motion for summary judgment before the close of discovery.

2

Defendants have presented good cause to modify the discovery schedule for the limited purpose of taking Plaintiff's deposition. However, the Court shall not establish a deadline conditioned on whether the Court grants or denies a motion which has not been filed. While the Court is sensitive to defense counsel's busy schedule and budgetary concerns, a deadline with multiple contingencies causes confusion on the Court's calendar, which does not serve judicial economy. Instead, the Court shall reopen discovery for the limited purpose of taking Plaintiff's deposition, the deadline for filing pretrial dispositive motions shall be extended, and Defendants shall be granted leave to conduct the deposition by remote means. Defendants are not precluded from bringing another motion to modify the schedule, showing good cause.

### III.   MOTION FOR LEAVE TO CONDUCT DEPOSITION BY REMOTE MEANS

Defendants request leave to take Plaintiff's deposition, if any, by videoconference or other remote means. The Court finds good cause to grant the request pursuant to Fed. R. Civ. P. 30(b)(4) which authorizes the Court to allow a deposition to be taken by telephone or other remote means.

### IV.   MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTION

Defendants also request an extension of time to file a dispositive motion. Defense counsel argues that due to the holidays, Defendants have been unable to review and sign the declarations necessary to complete the motion for summary judgment, and due to defense counsel's busy litigation schedule, she has been unable to complete the motion for summary judgment. The Court finds good cause, pursuant to Rule 16(b) discussed above, to extend the dispositive motions deadline established by the Court's Discovery/Scheduling Order of February 16, 2012. Therefore, the motion for extension of time shall be granted.

### V.   CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendants' motion to extend the discovery schedule for this action, established by the Court's Discovery/Scheduling Order of October 12, 2012, is GRANTED;

///

2. Discovery is now reopened until **March 15, 2013**, for the limited purpose of taking Plaintiff's deposition;

3. Defendants' request to take Plaintiff's deposition by videoconference or other remote means is GRANTED;

4. Defendants' motion for extension of time to file a dispositive motion, filed on December 26, 2012, is GRANTED;

5. The deadline for filing pretrial dispositive motions is extended until **April 15, 2013**, for all parties to this action; and

6. All other provisions of the Court's Discovery/Scheduling Order of October 12, 2012 remain the same.

IT IS SO ORDERED.

Dated:   **January 7, 2013**                    /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

4