UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY L. BROWN, | ) | 1:10-cv-00124-GSA-PC |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT |
| vs. | ) ) | (Doc. 27.) |
| KEN CLARK, et al., | ) ) | |
| Defendants. | ) ) ) | |

## I.  BACKGROUND

Gregory L. Brown ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the original Complaint filed on January 14, 2010, against defendants Lantia and Lopez (collectively "Defendants") for failure to protect Plaintiff in violation of the Eighth Amendment.  (Doc. 1.)  On February 16, 2012, the Court entered a Discovery/Scheduling Order establishing pretrial deadlines, including a deadline of October 16, 2012 for the parties to complete discovery, including filing motions to compel, and a deadline of December 27, 2012 for the parties to file dispositive motions.[1]  (Doc. 18.)

On July 16, 2012, Plaintiff filed a motion to compel discovery.  (Doc. 27.)  On July 17, 2012, Defendants filed an opposition to the motion.  (Doc. 28.)  On July 30, 2012, Plaintiff filed a reply to the opposition.  (Doc. 29.)

Plaintiff's motion to compel is now before the Court.

---

[1] These deadlines were extended by the Court's order of January 7, 2013.  (Doc. 38.)  The current discovery deadline is March 15, 2013, and the current dispositive motions deadline is April 15, 2013.  Id.

## II. MOTION TO COMPEL

### A. Legal Standard

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. Plaintiff's Motion to Compel

Plaintiff argues that his motion to compel responses should be granted, because as of July 12, 2012,[2] the date of Plaintiff's motion, Defendants' responses were forty-four days late. Plaintiff asserts that on March 29, 2012, he served defendants Lopez and Lantia with a Request for Production of Documents and Interrogatories, and served defendant Lopez with Requests for Admission. (Declaration of Gregory L. Brown ("Brown Decl."), Doc. 27 at 2 ¶2.)

On May 10, 2012, Defendants filed a motion for extension of time to respond to Plaintiff's discovery requests, and on May 17, 2012, the Court granted Defendants a thirty day extension of time. (Brown Decl. at 2 ¶¶3-4.)

On June 11, 2012, Defendants filed a motion for a fifteen-day extension of time to respond to Plaintiff's discovery. (Brown Decl. at 2 ¶5.) As of July 12, 2012, the Court had not ruled on the motion for extension of time. (Id.)

On July 1, 2012, Plaintiff wrote Defendants' counsel a letter informing them that their responses were forty-four days late and requesting an immediate response. (Brown Decl. at 2 ¶6.) As of July 12, 2012, Defendants had not responded to Plaintiff's letter. (Brown Decl. at 2 ¶7.)

---

[2] Plaintiff's motion to compel was filed on July 16, 2012; however, Plaintiff's signature on the motion is dated July 12, 2012. (Doc. 27 at 8.)

Plaintiff claims that each of his discovery requests is relevant to the claims and defenses in this case.

### C. Defendants' Opposition

In opposition, Defendants argue that Plaintiff's motion to compel is moot because on July 2, 2012, they served their responses to Plaintiff's outstanding discovery, and on July 13, 2012, counsel for Defendants responded to Plaintiff's meet-and-confer letter and informed him that the responses were served on July 2, 2012. (Opp'n, Doc. 28, Exhs. A,B.) Defendants request that the Court grant their June 11, 2012 motion for extension of time nunc pro tunc. Defendants assert that they provided Plaintiff with complete responses to his discovery requests and did not refuse to respond to any question or request or withhold any document, on account of objection.

### D. Plaintiff's Reply and Request for Stay of Proceedings

Plaintiff replies that on July 13, 2012, he received Defendants' responses to his discovery requests. However, Plaintiff argues that the fact that Defendants' responses and Plaintiff's motion to compel crossed in the mail does not excuse Defendants' tardiness in responding to Plaintiff's discovery requests.

Plaintiff requests a stay of the proceedings in this case, pending the filing of a second motion to compel objecting to the responses he received from Defendants. Plaintiff asserts that on July 15, 2012, he sent a letter to Defendants' counsel, outlining the discovery requests in dispute and requesting further responses. (Reply, Doc. 29, Exh. A.) Plaintiff asserts that if Defendants do not adequately respond to his letter or otherwise resolve the discovery dispute, he intends to file a second motion to compel.

### E. Discussion

Plaintiff asserts that as of July 12, 2012, he had not received Defendants' responses to his requests for discovery, and that the responses were overdue because the Court had not granted Defendants' motion for extension of time. However, evidence submitted by the parties shows that Defendants served their discovery responses upon Plaintiff on July 2, 2012 and Plaintiff received the discovery responses on July 13, 2012. (Opp'n, Exh. A; Reply at 2:13-16.) Defendants' responses were not untimely because on October 4, 2012, the Court granted Defendants' motion for extension of time nunc pro tunc. (Doc. 35.) Therefore, Plaintiff's motion to compel is moot.

Plaintiff's request for stay of the proceedings, pending the filing of Plaintiff's second motion to compel, is also moot, because on August 15, 2012, Plaintiff filed the second motion to compel. (Doc. 30.)

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to compel, filed on July 16, 2012, is DENIED as moot.

IT IS SO ORDERED.

**Dated:   February 27, 2013**          /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE