UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY L. BROWN, | ) | 1:10-cv-00124-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL |
| vs. | ) | (Doc. 30.) |
| KEN CLARK, et al., | ) | |
| | ) | ORDER FOR DEFENDANTS TO PROVIDE FURTHER RESPONSES TO PLAINTIFF'S <u>REQUESTS NOS. 8 AND 12</u> OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, <u>WITHIN THIRTY DAYS</u>, AS INSTRUCTED BY THIS ORDER |
| Defendants. | ) | |

**I.  BACKGROUND**

Gregory L. Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on January 14, 2010, against defendants Correctional Officers ("C/O") C. Lantia and M. Lopez (collectively "Defendants") for failure to protect Plaintiff in violation of the Eighth Amendment. (Doc. 1.) On February 16, 2012, the Court entered a Scheduling Order establishing

pretrial deadlines, including a deadline of October 16, 2012 for the parties to complete discovery, and a deadline of December 27, 2012 for the parties to file dispositive motions.[1]  (Doc. 18.)

On July 16, 2012, Plaintiff filed a motion to compel discovery, which was denied as moot by the Court on February 7, 2013.  (Docs. 27, 39.)

On August 15, 2012, Plaintiff filed a second motion to compel discovery.  (Doc. 30.)  On September 5, 2012, Defendants filed an opposition to the motion.  (Doc. 31.)  On September 21, 2012, Plaintiff filed a reply to the opposition.  (Doc. 34.)

Plaintiff's second motion to compel is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California.  Plaintiff brings this civil rights action against correctional officials employed by the CDCR at the Substance Abuse Treatment Facility (SATF) in Corcoran, California.

Plaintiff alleges that on November 18, 2008, defendants C/O Lantia and C/O Lopez, stationed in the control booth in Facility C-8, "deliberately and maliciously" opened Plaintiff's cell door.  Plaintiff alleges that Defendants "allowed two White inmates to enter his cell and stab him eight to nine times; the assault traveled from inside the cell where one of the assailants subsequently hit him in the head with a walking cane knocking him unconscious and causing severe injuries." (Compl. ¶ 12.)  Plaintiff alleges that the inmates were members of a "White Supremacy Hate Group." (Id.)  Plaintiff alleges that defendants Lantia and Lopez failed to intervene to stop the assault.

Plaintiff alleges that in July of 2008, "the White and Black inmate population engaged in some sort of racially motivated riot/melee" on the Facility C upper yard. (Compl. ¶ 13.)  Both the white and African-American inmate populations were placed on lockdown.  Plaintiff alleges that he is an African-American inmate with no street or gang affiliation.  Plaintiff alleges that Warden Clark and Captain Reynoso "repeatedly learned of the heightened tensions between the White and Black inmate populations

///

---

[1] These deadlines were extended by the Court's order of January 7, 2013.  (Doc. 38.)  The current discovery deadline is March 15, 2013, and the current dispositive motions deadline is April 15, 2013.  Id.

2

and still failed to create and/or enforce a policy that would protect prisoners." (Compl. ¶ 14.) Plaintiff contends that Clark and Reynoso failed to create or enforce a policy that adequately protects prisoners.

Plaintiff requests monetary damages, attorney's fees, costs of suit, and declaratory relief.

## III.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

The Court found that Plaintiff stated cognizable claims against Defendants for failure to protect Plaintiff, in violation of the Eighth Amendment. (Doc. 12 at 5 ¶III.)

### A.     Eighth Amendment Failure to Protect Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (*citing*

3

Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

**IV.    MOTIONS TO COMPEL DISCOVERY RESPONSES**

    **A.    Legal Standards**

    ***Rule 26(b) - Scope of Discovery***

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2]  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

    ***Rule 33 - Interrogatories***

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b).  Fed. R. Civ. P. 33(a)(2).  Each interrogatory must, to the extent it is not objected to, be

---

[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

4

answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

### *Rule 34 - Production of Documents*

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B.     **Plaintiff's Second Motion to Compel**

Plaintiff seeks to compel further responses by Defendants to Requests for Production of Documents Nos. 6-9, 12, 16, and 17, and Interrogatory No. 13. Plaintiff asserts that on March 29, 2012,

1 he served a Request for Production of Documents, Set One, and Interrogatories, Set One, upon
2 Defendants. (Motion, Doc. 30 at 2 ¶3.) On July 13, 2012, Plaintiff received Defendants' responses.
3 (Id. at 3 ¶9.)

### 1. Request for Production of Documents

Plaintiff argues that Defendants should be compelled to provide further responses to his Request for Production of Documents, Set One, because the documents sought are relevant to the claims and defenses in this action.

The Court shall separately address each of the Requests at issue.

> **REQUEST FOR PRODUCTION (RFP) NO. 6:**
>
> Please produce photographs (no smaller than 8" x 5" in dimension) of all four walls of "Cell No. 124 of Facility – C8 at SATF – Corcoran" (California Substance Abuse Treatment Facility & State Prison), including but not limited to, a peripheral view of the cell-door when it is opened and when it is closed, and taken from the inside and outside of the cell. The photographs are needed to provide the jury with an exact visual depiction of how the assailants entered the cell and the exact location(s) where Greg was repeatedly stabbed inside Cell No. 124. The photos will also allow Greg to give the jury a visual depiction of how the vicious assault traveled from inside the cell to outside the cell.
>
> > **RESPONSE TO RFP NO. 6:**
> >
> > Responding parties object to this request on the grounds it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and compromises the safety and security of the institution, staff, and inmates. Without waiving any objection, other than the photographs included in Crime Incident Report (CDCR 837) Log No. SATF-0003-08-11-0458 in Attachment B, responding parties have no other responsive documents in their possession, custody, or control.

**Arguments**

Plaintiff argues that the photographs requested in RFP No. 6 are relevant to the subject matter of the Complaint. Because the Complaint states that Defendants opened Plaintiff's cell door and allowed

6

inmates to enter his cell and stab him multiple times, Plaintiff argues that he should be able to prepare and prosecute his case with regard to those allegations. Plaintiff also argues that Defendants' argument – that RFP No. 6 compromises the safety and security of the institution, staff or inmates – fails, because Defendants produced photos in response to RFP No. 6 showing limited views of the same crime scene Plaintiff described.

Defendants argue that no further response to RFP No. 6 is required, because Defendants produced all photographs in their possession, custody, or control taken in connection with the incident at issue. Defendants assert that Plaintiff failed to address their response to RFP No. 6, failed to explain why the photographs produced were inadequate, and cited no authority that Defendants are required to create photographs that do not exist.

Plaintiff replies that Defendants are required to produce the photographs requested because Defendants' employer has custody or control of the location and means to fulfill the request, whereas Plaintiff is a prisoner without means of acquiring the photographs himself. Plaintiff also argues that Defendants have not shown evidence that they attempted to obtain the photographs requested or that anyone at SATF prevented them from obtaining the photographs.

**Discussion**

Plaintiff may not require Defendants to create evidence that does not currently exist. Plaintiff has requested photographs of a specific size, showing views of specific areas of the inside and outside of a cell at SATF, including peripheral views of the cell doors when they are opened and closed. Defendants have provided all of the photographs in their possession, custody, and control taken in connections with the incident at issue in Plaintiff's complaint. Defendant is not required to take new photographs in response to RFP No. 6, even if Plaintiff is unable to otherwise acquire the photographs. Therefore, Defendants are not required to make any further response to RFP No. 6.

> **RFP NO. 7:**

Please produce photographs (no smaller than 8" x 5" in dimension) of all four walls of "Section – C of Facility – C8 at SATF – Corcoran." Specifically, the photographs must show, but not be limited to, the outside of each cell-door in that section and the periphery thereof as

7

well as the outside of the "Control Booth Tower" and the periphery thereof and all doors leading into and out of that section.

The photographs are needed to give the jury an outside view of the exact cell Greg was housed in as well as an outside view of the exact cell his assailants were housed in and the proximity of the two cells. The photos will also allow Greg to give the jury a visual depiction of how the assault traveled from inside the cell to outside the cell where he was hit in the head with a walking-cane and knocked unconscious. Moreover, the photos will show the jury the exact location of where defendants Lopez and Lantia, the control booth officers, were standing when they failed to take preventive steps to avert the vicious assault in which Greg was undergoing.

> **RESPONSE TO RFP NO. 7:**

Responding parties object to this request on the grounds it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and compromises the safety and security of the institution, staff, and inmates. Without waiving any objection, other than the photographs included in Crime Incident Report (CDCR 837) Log No. SATF-0003-08-11-0458 in Attachment B, responding parties have no other responsive documents in their possession, custody, or control.

**Arguments**

Plaintiff argues that the documents requested in RFP No. 6 are relevant to the subject matter of the Complaint. Because the Complaint states that Defendants opened Plaintiff's cell door and allowed inmates to enter his cell and stab him multiple times, Plaintiff argues that he should be able to prepare and prosecute his case with regard to those allegations. Plaintiff also argues that Defendants' argument – that RFP No. 6 compromises the safety and security of the institution, staff or inmates – fails, because Defendants produced photos in response to RFP No. 6 showing limited views of the same crime scene Plaintiff described.

///

///

1    Defendants argue that no further response is required, because they have produced all responsive
2    documents, and for all the reasons they stated above concerning RFP No. 6, the Court should deny a
3    further response to RFP No. 7.

4    Plaintiff argues that for all the reasons he stated above at RFP No. 6, the Court should compel
5    Defendants to respond further to RFP No. 7.

**Discussion**

Plaintiff may not require Defendants to create evidence that does not currently exist. Plaintiff has requested photographs of a specific size, showing views of the outside of each cell-door in section in Section C of Facility C8 at SATF, and the outside of the Control Booth Tower and the periphery thereof and all doors leading into and out of that section. Defendants have provided all of the photographs in their possession, custody, and control taken in connection with the incident at issue in Plaintiff's Complaint. Defendant is not required to take new photographs in response to RFP No. 7, even if Plaintiff is unable to otherwise acquire the photographs himself. Therefore, Defendants are not required to make any further response to RFP No. 7.

> **RFP NO. 8:**
>
>> Please produce all documents that show or refer to the protocol that was in effect on November 18, 2008, on Facility – C at SATF – Corcoran regarding the opening and the closing of inmates' cell-doors.
>>
>> This information is needed to show the jury that the defendants' failure to follow established protocol contributed to and proximately caused the vicious assault, and the injuries sustained by Greg on November 18, 2008.
>
> **RESPONSE TO RFP NO. 8:**
>
>> Responding parties object to this request on the grounds it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, responding parties produce the Memorandum from Tristan to All Wardens concerning the "Procedures for Opening/Closing Cell Doors," dated January 11, 1999, in Attachment C.

9

**Arguments**

Plaintiff argues that the documents requested in RFP No. 8 are relevant to the subject matter of the Complaint and the preparation and prosecution of the case, because the Complaint states that Defendants deliberately and maliciously opened Plaintiff's cell door, resulting in Plaintiff's assault.

Defendants argue that no further response to RFP No. 8 is required, because they have produced all responsive documents. Defendants assert that Plaintiff has conceded that Defendants produced a responsive document to this request, and Plaintiff submitted no evidence to show what other responsive documents exist or that they are in Defendants' possession, custody, or control. Moreover, Plaintiff failed to state how or why the document that was produced was inadequate or nonresponsive.

Plaintiff replies that Defendants failed to produce "all" of the documents showing or referring to the protocol in effect on November 18, 2008 on Facility C at SATF regarding the opening and closing of cell doors. Plaintiff asserts that CDCR Deputy Director D. Tristan's January 11, 1999 memorandum to all Wardens instructed each Warden to ensure that standardized procedures are developed and implemented (including staff training) regarding the opening and closing of cell doors for all institutions, and Defendants failed to produce any documents that resulted from Tristan's memorandum. Plaintiff reasserts that the requested documents are necessary for the preparation and prosecution of his case.

**Discussion**

Plaintiff's argument, that documents showing standardized procedures for opening and closing cell doors must have been prepared as a result of Tristan's memorandum, has merit. If such documents exist, concerning the procedures at SATF at the time of the incident at issue, they would be relevant to Plaintiff's claim. Defendants have not indicated that they made a search to discover documents responsive to RFP No. 8 which are more current than the January 11, 1999 memorandum. Therefore, Defendants shall be required to make a further response to RFP No. 8 which requests "all documents that show or refer to the protocol that was in effect on November 18, 2008, on Facility – C at SATF – Corcoran regarding the opening and the closing of inmates' cell-doors."

///

///

> **RFP NO. 9:**

Please produce all documents that show or refer to California Department of Corrections & Rehabilitation (CDCR) Policy(ies) regarding the opening and the closing of inmates' cell-doors on maximum security facilities, during November 2008.

This information is needed to show the jury that the defendants' failure to follow established procedures contributed to and proximately caused the vicious assault and the injuries sustained by Greg on November 18, 2008.

> **RESPONSE TO RFP NO. 9:**

Responding parties object to this request on the grounds it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, other than the Memorandum from Tristan to All Wardens concerning the "Procedures for Opening/Closing Cell Doors," dated January 11, 1999, produced in Attachment C, responding parties have no other responsive documents in their possession, custody, or control.

**Arguments**

Plaintiff argues that this document is relevant to his claims, because the Complaint states that Defendants deliberately and maliciously opened Plaintiff's cell door, resulting in Plaintiff's assault.

Defendants argue that for all the reasons they stated above with respect to RFP No. 8, the Court should deny any further response to RFP No. 9.

Plaintiff argues that for all the reasons he stated above with respect to RFP No. 8, the Court should compel a further response to RFP No. 9.

**Discussion**

CDCR policies regarding the opening and the closing of inmates' cell-doors on maximum security facilities other than SATF are not relevant to Plaintiff's allegation that Defendants opened his cell door at SATF.  Therefore, Defendants are not required to respond further to RFP No. 9.

///

///

> **RFP NO. 12:**

Please produce all SATF-Corcoran's "Program Status Report(s) (CDCR 3022-A/B)" dated on or after July 25, 2008, in regard to the Racial Riot that occurred on Facility – C Upper Yard between the white inmate population and the black inmate population.

This information is needed to provide the jury with evidentiary proof that the defendants were aware of that racial riot and thereafter put on notice of potential reciprocal violence among the said races. The requested information will also substantiate claims set forth in the Complaint and is likely to lead to the discovery of additional admissible evidence.

> **RESPONSE TO RFP NO. 12:**

Responding parties object to this request on the grounds it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, violates California Code of Regulations, title 15, section 3321, and compromises the safety and security of the institution, staff, and inmates. Without waiving any objection and limiting their response to November 2008, responding parties produce Program Status Report (PSR) Part B—Plan of Operation/Staff & Inmate Notification, dated November 17, 2008, in Attachment D. Responding parties have no other responsive documents in their possession, custody, or control.

**Arguments**

Plaintiff asserts that Defendants have produced a partial response and wrongly dated PSR in response to RFP No. 12. Plaintiff argues that the requested documents are relevant because Plaintiff's assault was a direct result of the July 25, 2008 racial riot and ongoing tension between the white and black inmate population. Plaintiff also argues that Defendants' argument – that RFP No. 12 violates California Code of Regulations, title 15, section 3321, and compromises the safety and security of the institution, staff, and inmates – fails, because Defendants produced a PSR in response to RFP No. 12.

Defendants assert that Plaintiff has not explained why the PSRs from July 2008 to January 2009 are relevant to this lawsuit. Defendants argue that they are not relevant because this action is proceeding on Plaintiff's discrete claim that Defendants opened his cell door on November 8, 2008, permitting two

inmates to attack him, and failed to protect him from the assault. Defendants also argue that no claim was asserted in this action that the lockdowns were unlawful, that Defendants were responsible for the lockdowns, or that Defendants' actions or omissions were racially motivated, and thus evidence of racial tension is irrelevant and beyond the scope of this litigation. Defendants further argue that Plaintiff has not explained why the PSR they produced is insufficient, and that Plaintiff failed to show that the PSRs for the entire period are in Defendants' possession, custody, or control. Defendants state that they have informed Plaintiff that defendant Lantia is no longer employed with CDCR and defendant Lopez is on medical leave.

In reply, Plaintiff reasserts that the documents requested are necessary for the preparation and prosecution of his case because they provide evidentiary proof that his assault stemmed from the July 25, 2008 racial riot between the white and black inmate population.

**Discussion**

Evidence that PSRs were posted regarding the July 25, 2008 racial riot between white and black inmates may be relevant to show that Defendants knew about ongoing racial tension at SATF when they opened Plaintiff's cell door allowing white inmates to enter and assault Plaintiff. Plaintiff alleges in the Complaint that both of the white inmates who assaulted him were members of a White Supremacy Hate Group, and Plaintiff is African-American. (Complaint at 4 ¶12, 5 ¶13.) Defendants have not explained why production of PSRs regarding the riot would violate California Code of Regulations, title 15, section 3321, and compromise the safety and security of the institution, staff, and inmates. Therefore, Defendants shall be required to produce any PSRs dated from July 25, 2008 to November 8, 2008 regarding the July 25, 2008 riot that occurred on Facility C Upper Yard between the white inmate population and the African-American inmate population. Before providing the PSR's to Plaintiff, Defendants shall redact any information considered confidential under California Code of Regulations, title 15, section 3321.

> **RFP NO. 16:**
> Please produce all SATF – Corcoran's "Program Status Report(s) (CDCR 3022-A/B)" dated on or between July 25, 2008, through January 1, 2009.

1    This information is needed to provide the jury with evidentiary proof of the defendant's knowledge of the ongoing racial tension between the white inmate population and the black inmate population. The requested information is also needed to substantiate claims stated in the pending complaint and is likely to lead to the discovery of additional admissible evidence.

> **RESPONSE TO RFP NO. 16:**

Responding parties object to this request on the grounds it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, violates California Code of Regulations, title 15, section 3321, compromises the safety and security of the institution, staff, and inmates, and is unduly burdensome and harassing because it is repetitive of an earlier request. Without waiving any objection, other than the PSR produced in Attachment D, responding parties have no other responsive documents in their possession, custody, or control.

**Arguments**

Plaintiff argues that the requested documents are crucial to the preparation and prosecution of this case because they contain relevant information about the July 25, 2008 racial riot and ongoing tension between the white and black inmate population. Plaintiff also argues that Defendants' argument – that RFP No. 16 violates California Code of Regulations, title 15, section 3321, and compromises the safety and security of the institution, staff, and inmates – fails, because Defendants produced a PSR in response to RFP No. 12.

Defendants argue that for all the reasons they stated above with respect to Request 12, the Court should deny a further response to Request 16.

Plaintiff argues that he is entitled to all of the approximately forty PSRs that exist from July 25, 2008 to January 1, 2009, because they contain relevant information about the July 25, 2008 riot and ongoing racial tension which resulted in Plaintiff's assault, and the PSRs can disprove that the likelihood of violence among black and white inmates was not a foreseeable event.

///

///

14

**Discussion**

Defendants' objection for relevance is sustained. Plaintiff has not shown how PSRs dated after November 8, 2008 are relevant to Plaintiff's claims arising from an incident occurring on November 8, 2008. Therefore, Defendants are not required to make any further response to RPF No. 16.

> **RFP NO. 17:**

Please produce "Memorandum dated July 3, 2002," which is a permanent "nonconfidential" document that was placed in Greg's CDCR Central File as a confidential memorandum.

The requested document is not a confidential memorandum and does not contain any information that would endanger the safety and security of any institution regulated by CDCR or otherwise or any person under its jurisdiction. Moreover, the document is extremely relevant to the pending action because it can provide the jury with evidentiary proof of the defendants' deliberate indifference to the health and safety of Greg via documentary evidence. Based on the information and belief, the document in question is pertaining to Greg putting prison officials on notice that correctional officers were in fact planning to assault him and/or allowing him to be assaulted by other inmates in an effort to punish him for filing complaints against prison staff.

> **RESPONSE TO RFP NO. 17:**

Responding parties object to this request on the grounds it is overbroad in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, seeks the production of documents that violate California Code of Regulations, title 15, section 3321, and compromises the safety and security of the institution, staff, or inmates. Without waiving any objection, responding parties do not have possession, custody, or control of this document.

**Arguments**

Plaintiff argues that the requested document is relevant because it shows that Plaintiff prophesied the events set forth in the Complaint.

///

15

1   Defendants argue that the document requested in RFP No. 17 is irrelevant, and that Plaintiff has
2   not explained how a document dated six years *before* the incident giving rise to this lawsuit is relevant
3   to his claim for failure to protect.  Defendants also assert that Plaintiff failed to show that Defendants
4   have possession, custody, or control of the requested document, as defendant Lantia is no longer
5   employed with CDCR and defendant Lopez is on medical leave.
6   Plaintiff argues that the requested document is relevant because it shows that prison officials
7   developed deliberate indifference to Plaintiff's health and safety as a result of his jailhouse lawyering.
8   **Discussion**
9   Defendants' objection for relevance is sustained.  Plaintiff has not shown how evidence that he
10  prophesied his assault is relevant to his failure to protect claims against defendants Lantia and Lopez.
11  Therefore, Defendants are not required to make any further response to RFP No. 17.
12  **2.     Interrogatory No. 13**
13  Plaintiff argues that Defendants should be compelled to provide further responses to
14  Interrogatory No. 13 of Plaintiff's Interrogatories, Set One.[3]
15  >    **INTERROGATORY NO. 13:**
16          Explain the established protocol, that was in effect on November 18, 2008 at SATF-
17          Corcoran, in regard to the opening and the closing of inmates' cell-doors on Facility-C; and if
18          CDCR's protocol differs from that of SATF-Corcoran, explain both.
19  >    **RESPONSE TO INTERROGATORY NO. 13:**
20          Responding party objects to this interrogatory on the grounds it is overbroad and
21          vague in its entirety.  Without waiving any objection, responding party is unaware if
22          SATF had a different policy or procedure for the opening and closing of cell doors than
23          the California Department of Corrections and Rehabilitation (CDCR). But the procedure
24          at SATF in Building 8 was to unlock the cell doors in groups of three at the scheduled
25          release times, such as for yard, chow, or dayroom, or upon request of an officer for an

---

[3]Plaintiff propounded the same Interrogatory No. 13 to both Defendants, and Defendants responded identically to
27  the interrogatory.  Therefore, the Court addresses the two Defendants' responses together.

escort. The procedure called for the locking of the cell doors at the end of the scheduled release or upon an inmate's return to his cell.

**Arguments**

Plaintiff asserts that Defendants failed to explain each protocol and differentiate them. Plaintiff also asserts that Defendants' explanation of the procedure conflicts with the Memorandum by D. Tristan dated January 11, 1999, which Defendants produced in response to Plaintiff's RFP Set One, Nos. 8 and 9.

Defendants argue that Plaintiff failed to explain what other protocols he is referring to and cited no authority in Title 15 of the Department Operations Manual (DOM) that speaks to the procedure and policy concerning the opening and closing of cell doors. Defendants assert that no such policies of procedures exist in Title 15 or the DOM, and that Defendants informed Plaintiff of this. With respect to Plaintiff's argument that Defendants' explanation conflicts with Tristan's Memorandum, Defendants assert that they provided all the information known to them about the protocols, regardless if the information came from a document, training, work experience, or verbal instruction from a supervisor. Defendants argue that they have provided all information requested in Interrogatory No. 13, and no further responses should be required.

Plaintiff argues that because there is no information in Tristan's January 11, 1999 Memorandum concerning the opening of cell doors "in groups of three during scheduled releases," Defendants are either being deceitful in their response to Interrogatory No. 13 or they are intentionally withholding documents and other discoverable information.

**Discussion**

Defendants have sufficiently explained why their response to Interrogatory No. 13 differs from the information in Tristan's January 11, 1999 Memorandum, and Plaintiff has not clarified what other protocol regarding the opening and the closing of inmates' cell-doors he seeks. Therefore, Defendants are not required to provide a further response to Interrogatory No. 13.

///

///

17

**V.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion to compel, filed on August 15, 2012, is GRANTED in part; and
2. Within thirty days from the date of service of this order, Defendants shall provide further responses to Plaintiff's Requests Nos. 8 and 12 of Plaintiff's Requests for Production of Documents, Set One, as instructed by this order.

IT IS SO ORDERED.

**Dated:    March 14, 2013**              /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE